## COCHRAN v. SWANK HARDWARE CO.
### (GLOCK, third party defendant).
### Civ. No. 7933.

United States District Court,
W. D. Pennsylvania.

May 7, 1953.

234

---

Harold R. Schmidt and John L. Laubach, Jr. (of Rose, Rose & Houston), Pittsburgh, Pa., for plaintiff.

Carl E. Glock, Jr., and Elder W. Marshall (of Reed, Smith, Shaw & McClay), Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this proceeding the defendant corporation called for redemption of its stock, and plaintiff was the registered owner of 86 shares.

Dispute arises as to whether plaintiff is the unqualified owner or if an equitable trust exists between plaintiff and third party defendant.

The only controversy between the parties is who is entitled to the proceeds of the redemption of stock issued by defendant. The defendant claims no interest in the proceeds and desires to pay the proper person, so the dispute to the funds is between plaintiff and third party defendant.

Divers procedural motions have been filed by the parties to this proceeding. This Court has afforded pre-trial consideration and extended arguments thereto. Attention must be given each motion separately although they are all interrelated in one way or the other.

As a result of the divers procedural motions which have been filed, a very simple problem becomes most complicated and one must cut through the forest to see the trees.

Consideration must, therefore, be given to the respective procedural attacks that have been directed to the simple question, Who is entitled to what?

I. Plaintiff's motion to dismiss the third party complaint of defendant against third party defendant.

Judge Maris while specially sitting in this court approved this procedure and I will not disturb said order.

■ The agreement of indemnity against liability to the plaintiff is the clearest case for joinder of the indemnitor as a third party defendant and the third party action need not independently meet the jurisdictional requirements of diversity of citizenship. Kelly v. Pennsylvania R. R. Co. (Edward G. Budd Mfg. Co.) D.C., 7 F.R.D. 524; Sheppard v. Atlantic States Gas Co., 3 Cir., 167 F.2d 841.

Motion of plaintiff to dismiss third party complaint of defendant against third party defendant is denied.

■ II. Plaintiff's motion to sever claim of plaintiff against defendant from defendant or third party plaintiff against third party defendant is denied.

I do not believe the trial of said adverse claims will complicate the issues, confuse the record or delay the determination of the claim of plaintiff against defendant. In fact the determination of all claims in one trial will prevent circuity of action and most fairly bring justice to all parties.

III. Plaintiff's motion to strike answer of third party defendant to plaintiff's claim against defendant.

Rule 14(a), Fed.Rules Civ.Proc. 28 U.S. C. provides in part that the third party defendant may assert against the plaintiff any defenses which the third party plaintiff or the defendant has to the plaintiff's claim. Also, the third party defendant may assert any claim against plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the defendant or third party plaintiff.

■ It must again be stated the issue in the case is the right to the proceeds of the redemption of the stock. Plaintiff's claim against defendant is based upon his asserted absolute ownership of the stock. The claim of the third party defendant against plaintiff is based upon his assertion of an equitable interest in the stock, or

that the plaintiff's ostensible absolute ownership is in reality impressed with a trust in favor of the third party defendant. The defendant is a stockholder of the value of said stock, and must pay, but to whom? The claim, therefore, of third party defendant against plaintiff arises out of or at least is incident to the same transaction or occurrence.

The plaintiff's motion to strike answer of third party defendant to plaintiff's claim against defendant is denied.

IV. Plaintiff's motion to strike claim of third party defendant against plaintiff.

Said motion is denied for reasons set forth in disposing of plaintiff's third motion.

V. Plaintiff's motion to strike the interrogatories propounded by defendant to plaintiff.

Motion denied.

VI. Plaintiff's motion to strike the interrogatories propounded by third party defendant to plaintiff.

Motion denied.

VII. Plaintiff's motion to strike request for admissions propounded by defendant to plaintiff.

Motion denied.

VIII. Plaintiff's motion to strike request for admissions propounded by third party defendant to plaintiff.

Motion denied.

In refusing plaintiff's motions V to VIII inclusive, I desire to state that in order for the issues to be simplified and completely considered at additional pre-trial hearings, it will materially expedite the problems which will confront the court to have all facts fully and completely divulged. Unquestionably the questions asked either in the interrogatories or request for admission are not burdensome and are definitely relevant and material to the determination of the respective rights of the parties.

IX. Motion of defendant for trial by court under Rule 39 of Federal Rules of Civil Procedure.

X. Motion of third party for trial by court under Rule 39 of Federal Rules of Civil Procedure.

Plaintiff has requested trial by jury and this court is prone to give any party litigant a right to jury trial.

It is my judgment that this case, posing as it does, radical and irreconcilable conflicts in testimony, must be resolved on the pivotal issue of credibility. I have always maintained that twelve persons, with their varied and multiplied experiences and associations, can better judge the credibility of witnesses, than the lone judgment of a single individual.

Motion of defendant and third party defendant for trial by court without jury is refused.

I would like to state that the question to be resolved is not really involved and if counsel for the respective parties will needle down and through the discovery processes develop all relevant and material facts at pre-trial hearing, the issues and proof in support thereof can be materially simplified, so that little or no confusion will actually arise in trial with jury on the field of battle.

An appropriate Order is entered.