### HAZELL
#### v.
### PENNSYLVANIA R. CO.
#### Civ. A. No. 15379.

United States District Court
E. D. Pennsylvania.
Nov. 11, 1953.

which should only be disclosed pursuant to Fed.Rules Civ.Proc. rule 34, 28 U.S.C. with an appropriate showing of good cause.

Plaintiff's interrogatories 15 and 42 provide:

"15. State the names, addresses and job classifications of plaintiff's fellow crew or gang workers, if any, who were working with the plaintiff at the time of the accident. State where each stood in relation to the plaintiff, what each was doing at the time of the accident and what part, if any, each played in the event.

"42. State the position occupied by every member of the crew of plaintiff's train at the time of the accident."

The language, particularly the language italicized in Alltmont v. U. S., supra, relied on by the defendant is as follows:

"As we understand Civil Procedure Rule 33 and Admiralty Rule 31 a party is entitled as of right to compel his adversary to make a full disclosure of all of the facts which the latter has learned which are relevant to the subject matter of the pending action and unprivileged, including information as to relevant statements and other documents in his control and the names and addresses of all persons having knowledge of relevant facts whom he or his agents have interviewed. *The Rules, however, do not give a party an absolute right to obtain either the text or a résumé of the statements which the adverse party has obtained from the persons whom he or his agents have seen.* Having obtained information as to the existence, nature and location of the statements through interrogatories he is in position to move for their production under Civil Procedure Rule 34 or Admiralty Rule 32. But he must in every case make the

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Philip Price, Philadelphia, Pa., for defendant.

WELSH, District Judge.

Defendant, relying on language in Alltmont v. U. S., 3 Cir., 177 F.2d 971, 978, objects to plaintiff's interrogatories 15 (in particular the second sentence thereof) and 42 primarily on the ground that the information sought can only be found in documents, the contents of

showing of good cause required by those Rules for their production."

■ The plain meaning of the italicized language is that a party is not entitled by interrogatories under Rule 33 to texts or résumés of the statements which the adverse party has obtained from the persons whom he or his agents have seen. However, whether information sought by interrogatories does or does not constitute texts or résumés of statements must be determined by this Court. In the present case we think the defendant has failed to show that the information sought constitutes texts or résumés of statements. The burden of proving the foregoing, we think, must be on the objecting party, otherwise discovery by interrogatories under Rule 33 in personal injury actions could be thwarted by embodying the entire account of the accident in written statements and by merely stating same to the Court.

Defendant's objection to interrogatories 15 (in particular to the second sentence thereof) and 42 are accordingly overruled.

Defendant also objects to interrogatory 23. Said interrogatory provides:

"23. Describe the said accident."

■ We do not think said interrogatory is too broad, general and a catch-all. Our opinion in this respect is not affected by the fact that the defendant has or may have in its file several versions of the accident, for it is the duty of the defendant under such circumstances to tell each and every version of the accident. Apropos defendant's objection to this interrogatory it is asserted that the information requested is known to defendant only through the contents of documents which, if produced at all, are subject to discovery under Rule 34 and not Rule 33. We deem it unnecessary to comment on this assertion as the identical problem has been discussed above. Suffice to say that here again the defendant has failed to show that the information sought constitutes the texts or résumés of statements of persons interviewed by it or its agents.

Defendant's objections to interrogatory 23 are accordingly overruled.

Agreement has been reached with respect to the other objections filed by defendant and it is therefore unnecessary to rule thereon.