William J. KESTNER,

v.

**READING COMPANY, Defendant,**

and

Chester Municipal Authority, Third Party
Defendant.

**Civ. A. No. 20554.**

United States District Court
E. D. Pennsylvania.

Nov. 25, 1957.

Richter, Lord & Levy, Philadelphia,
Pa., for plaintiff.

Morgan, Lewis & Bockius, Philadel-
phia, Pa., for Reading Co.

Swartz, Campbell & Henry, Philadel-
phia, Pa., for Chester Municipal Author-
ity.

KIRKPATRICK, Chief Judge.

The plaintiff, a railroad employee,
brought suit against his employer, the
Reading Company, under the Federal
Employers' Liability Act, 45 U.S.C.A. §
51 et seq. The cause of action stated
was that "by reason of the negligence
of the defendant the area in and about
the tracks had been dug out unbeknown
to the plaintiff", as a result of which
the plaintiff, in the performance of his
duties, stepped into a hole and was in-
jured.

The Reading Company brought in
Chester Municipal Authority as a third
party defendant, alleging merely that the
plaintiff's injuries, if any, were caused
by the negligence of the third party de-
fendant. The third party defendant has
now served interrogatories upon the
plaintiff, to which the plaintiff objects
on the ground that the third party de-
fendant is not an "adverse party" within
the meaning of Rule 33, Fed.Rules Civ.
Proc. 28 U.S.C.

The objection must be sus-
tained. In every case which has been
brought to my attention in which the
point has been presented (see Cooke v.
Kilgore Mfg. Co., D.C., 15 F.R.D. 465,
and cases there cited), it has been held
that the rule refers not to parties whose

interest in the result of the litigation may be adverse but to parties who are on opposite sides of an issue raised by the pleadings or otherwise presented by the record. It would seem that a broader construction of the rule would present many difficulties and complications which are avoided by the simple expedient of having the matter governed by the record.