14

Jeremiah G. McNEICE
v.
OIL CARRIERS JOINT VENTURE and
Orion Shipping & Trading Co., Inc.
Civ. A. No. 22180.

United States District Court
E. D. Pennsylvania.
March 27, 1958.

Philip Dorfman, Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for plaintiff.

Timothy Jay Mahoney, Jr., Krusen, Evans & Shaw, Philadelphia, Pa., for defendants.

EGAN, District Judge.

This matter is before the Court on the defendant's objections to interrogatories filed by the plaintiff. Specifically, the defendant maintains that the information sought is privileged under the rulings of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 and Alltmont v. United States, 3 Cir., 1949, 177 F.2d 971.

As enunciated in many decisions, the party moving for discovery should be entitled to know upon what facts the other party is basing his allegations or defenses. Prescan v. Aliquippa & Southern R. Co., D.C.W.D.Pa.1954, 16 F.R.D. 272; Forsythe v. Baltimore & O. R. Co., D.C.W.D.Pa.1954, 15 F.R.D. 191; Furmanek v. Southern Trading Co., D.C.E.D. Pa.1953, 15 F.R.D. 405. The interrogatories before the Court at this time are directed to such an end and therefore are proper in this respect.

The only remaining question is whether or not the answers to the interrogatories are privileged under the Hickman and Alltmont decisions. It seems manifest to us that in order to seek the protection offered by these cases, the objecting party must convince the Court that the information sought is contained in such statements which fall into the "privileged" category. The precise point was before Judge Welsh in Hazell v. Pennsylvania R. Co., D.C.E.D.Pa.1953, 15 F.R.D. 282, at page 284, at which time he stated:

"* * * whether information sought by interrogatories does or does not constitute texts or résumés of statements must be determined by this Court. In the present case we think the defendant has failed to show that the information sought constitutes texts or résumés

of statements. The burden of proving the foregoing, we think, must be on the objecting party, otherwise discovery by interrogatories under Rule 33 in personal injury actions could be thwarted by embodying the entire account of the accident in written statements and by merely stating same to the Court."

 The record before the Court is barren of any evidence supporting the contention that the information sought is contained in privileged statements. The only clue to defendant's position can be found in their reliance on the Hickman and Alltmont decisions. Without more, this Court cannot sustain the objections.

Accordingly, it is ordered that the defendant answer the propounded interrogatories within 15 days.