Harry W. **BIDDLE**, Plaintiff,

v.

**L. M. HUTCHINSON**, individually and trading as **L. M. Hutchinson & Sons**, Defendant,

**L. B. Smith** and **Owen S. Forshey**, Defendants and Third Party Plaintiffs, and **George W. Kugler**, Defendant (**George W. KUGLER**, Third Party Defendant).

Civ. A. No. 6057.

United States District Court
Middle District Pennsylvania.

Oct. 2, 1959.

———◆———

Joseph W. Mullin, Huntingdon, Pa., Livengood, Braucher & Stroup, Harrisburg, Pa., Samuel H. Stewart, Philadelphia, Pa., Harold J. Conner, Philadelphia, Pa., for plaintiff.

Metzger, Wickersham & Knauss, Harrisburg, Pa., for defendant, L. M. Hutchinson, individually and trading as L. M. Hutchinson & Sons.

Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for defendants, L. B. Smith and Owen S. Forshey.

Hull, Leiby & Metzger, Harrisburg, Pa., for defendant and third-party defendant, George W. Kugler.

FOLLMER, District Judge.

Plaintiff seeks to recover against three defendants because of injuries he suffered in an automobile collision. The driver and owner of a motor truck, Smith and Forshey, respectively, are charged with recklessly or negligently driving or causing to be driven the truck against plaintiff's sedan which he was operating. A road contractor, L. M. Hutchinson, engaged in the reconstruction or repair of highway on which the collision occurred, is charged with doing his work in such a reckless, careless, and negligent manner that the plaintiff and other defendant were not sufficiently warned of the approach of each other to the point of collision. It is plaintiff's contention "that defendant Hutchinson's negligence caused the collision singly or jointly with that of other defendant * * *."

Defendants, Smith and Forshey, filed their answer in which they charge, inter alia, their codefendant Hutchinson with carelessness, recklessness, and negligence

which was a proximate cause of any injuries or damages suffered by plaintiff.

Defendant Hutchinson has filed interrogatories addressed to defendants, Smith and Forshey, which he contends are properly framed under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C., because as between themselves, that is Smith and Forshey vis-a-vis Hutchinson, they are "adverse parties."

Moore's Federal Practice, Vol. 4, 2d Ed., Page 2275, ¶33.06, states:

"* * * Whether parties are or are not 'adverse' can generally be determined by the role in which a party is cast in the pleading (or pleadings) setting forth the claim(s) or defense(s), although where this alignment does not reveal the true adversity of the parties the realities of the litigation should control. * * *."

The only case cited by Moore in support of the above statement is McAllister Lighterage Line, Inc. v. Oil Barge Vejoil No. 5 S.D.N.Y.1949, 13 FR Serv 33.21, Case 1, an admiralty case.[1]

The District Court for the Southern District of New York, which decided the McAllister case in 1949, when sitting as a Court of law in M.V.M., Inc. v. St. Paul Fire and Marine Insurance Company, D. C.1957, 20 F.R.D. 296, after discussing the McAllister decision and considering Cooke v. Kilgore Mfg. Co., D.C.N.D.Ohio, E.D.1954, 15 F.R.D. 465, decided that the reasoning of the Cooke case was more persuasive and sustained the objection to the interrogatories.

In Kestner v. Reading Company, D.C. E.D.Pa.1957, 21 F.R.D. 303, Judge Kirkpatrick in sustaining the objection to the interrogatories said:

"* * * In every case which has been brought to my attention in which the point has been presented

(see Cooke v. Kilgore Mfg. Co., D.C., 15 F.R.D. 465, and cases there cited), it has been held that the rule refers not to parties whose interest in the result of the litigation may be adverse but to parties who are on opposite sides of an issue raised by the pleadings or otherwise presented by the record. It would seem that a broader construction of the rule would present many difficulties and complications which are avoided by the simple expedient of having the matter governed by the record."

That, it seems to me, represents the preponderance of the authorities.

The objection to the interrogatories on the ground that the defendants, Smith and Forshey, are not adverse parties under Rule 33, Federal Rules of Civil Procedure, is sustained.

[1]. Moore also states in Note 5 to Paragraph 33.06, supra, "Admiralty Rule 31 [28 U.S.C.] is substantially identical with Federal Rule 33 as originally promulgated. However, Admiralty practice is in some respects more flexible than civil practice generally."