**METROPOLITAN LIFE INSURANCE COMPANY**

v.

David Samuel JACKSON, a minor, Millie A. Hynson, guardian of David Samuel Jackson, and Ruth Jackson, individually and as Administratrix of the Estate of Samuel D. Jackson.

Civ. A. No. 26443.

United States District Court
E. D. Pennsylvania.
Oct. 23, 1959.
Order Oct. 27, 1959.

Owen B. Rhoads, Philadelphia, Pa., for plaintiff.

David Justin Dean, Philadelphia, Pa., for defendant minor and his guardian.

Ruth Jackson—appeared as her own attorney.

VAN DUSEN, District Judge.

Plaintiff issued a life insurance policy in the face amount of $2,000 on the life of Samuel D. Jackson. The insured died on January 23, 1959, and plaintiff was apprised of the fact that there were two claimants to the proceeds, David Samuel Jackson (also referred to by defendant Ruth Jackson by other names) and Ruth Jackson, the latter claiming both individually and as administratrix of the decedent's estate. On June 3, 1959, plaintiff filed a complaint in interpleader under 28 U.S.C.A. §§ 1335, 1397 and 2361, naming both claimants as defendants. Plaintiff also paid the amount of $1,955.-20 into the registry of the court. This sum was determined by deducting from the face amount of the policy the amount of a loan, with interest, alleged to be due on the policy and adding interest earned from the date of presentation of proofs of claim. Both claimants answered the complaint and defendant Ruth Jackson counterclaimed for $2,000. Plaintiff has moved for judgment in interpleader and to dismiss Mrs. Jackson's counterclaim.

Mrs. Jackson asserts that this court is not the proper tribunal to adjudicate this matter, since she has commenced a prior action in the Superior Court of New Jersey in Atlantic County. An order restraining her from further prosecution of that action was issued on June 3, 1959 (Document No. 2 in Clerk's file). Congress has clearly authorized such orders in interpleader actions, even though a prior action has been instituted in a state court.[1] These orders are necessary to protect the jurisdiction of the court and to accomplish the purposes of the Interpleader Act.[2]

Mrs. Jackson also asserts that judgment in interpleader should not be granted because she has alleged fraud

1. 28 U.S.C.A. § 2361.

2. See Fidelity & Deposit Co. of Maryland v. A. S. Reid & Co., D.C.E.D.Pa.1926, 16 F.2d 502; Holcomb v. Aetna Life Insurance Co., 10 Cir., 1958, 255 F.2d 577; Jefferson Standard Life Insurance Co. v. Smith, D.C.E.D.S.C.1956, 161 F.Supp. 679.

on the part of an agent of the plaintiff in connection with the signing of two change of beneficiary forms. Plaintiff has admitted liability on the policy. The allegation of fraud on its part is material only with respect to determining the rights of the rival claimants. It does not affect plaintiff's right to judgment in interpleader. Having complied with the provisions of 28 U.S.C.A. §§ 1335, 1397 and 2361, plaintiff is entitled to the judgment it requests.

 Mrs. Jackson has counterclaimed for $2,000. This claim is based on the same insurance policy and, to the extent of $1,955.20, is but a reassertion of the claim embodied in her answer and recognized by the plaintiff. As such, it is not entitled to separate consideration.[3] Mrs. Jackson has also denied the existence of the loan, with interest, on the policy alleged to be outstanding. Therefore, her claim based on the policy exceeds the liability admitted by the plaintiff and paid by it into the registry of this court.

On October 5, 1959, plaintiff filed the affidavit of Charles A. Hatter in support of its motion to dismiss the counterclaim of Mrs. Jackson (Document No. 12 in the Clerk's file). Mr. Hatter's affidavit states that he is manager of the loan division of Metropolitan Life Insurance Company, that the loan in question was made to Samuel D. Jackson, and that at the time this suit was commenced, $97.50 of principal and interest was still outstanding. Mrs. Jackson was given two weeks from October 6 in which to file any counter-affidavits (see attached letter). None were forthcoming. Pursuant to F.R.Civ. P. 12(b), 28 U.S.C.A., plaintiff's motion to dismiss will be treated as a motion for summary judgment under Rule 56. In view of the fact that the Hatter affidavit has not been contradicted, there is no genuine issue of fact as to the existence of the loan and plaintiff is entitled to judgment as a matter of law. F.R.Civ.P. 56(e).

Order of Oct. 27, 1959, Sur Plaintiff's Motion For A Protective Order Under Rule 30(b) and Plaintiff's Objections to Interrogatories Propounded by Defendant Ruth Jackson.

And now, October 27, 1959, it is ordered that plaintiff, Metropolitan Life Insurance Company's objections to defendant Ruth Jackson's interrogatories numbered 14 to 19, filed on October 9, 1959 (Document No. 13) are sustained and that defendant Ruth Jackson is enjoined and restrained from serving any further interrogatories pursuant to F. R. Civ.P. 33 on plaintiff, Metropolitan Life Insurance Company, in this suit.

 The facts of this case will be found in the Memorandum Opinion filed in this case on October 23, 1959. F.R. Civ.P. 33 provides that "Any party may serve upon any adverse party written interrogatories to be answered by the party served * * *." The novel question presented is whether a person who admits liability to one of two rival claimants, pays the amount in question into the registry of the court, and files a complaint in interpleader is an "adverse party" under Rule 33. It has been held that a plaintiff and a third-party defendant who has not answered the plaintiff's complaint are not adverse parties for the purposes of this rule.[1] In these cases it is said that the pleadings raise no issue between the parties, even though their interests in the outcome may be adverse. The present situation seems to be even stronger with respect to lack of adversity. While the pleadings on their face place the parties in adverse positions,

---

3. Old Colony Insurance Co. v. Lampert, D.C.D.N.J.1955, 129 F.Supp. 545, affirmed per curiam, 3 Cir., 1955, 227 F.2d 520.

1. Kestner v. Reading Co., D.C.E.D.Pa. 1957, 21 F.R.D. 303; M. V. M., Inc. v. St. Paul Fire and Marine Insurance Co., D.C.S.D.N.Y.1957, 20 F.R.D. 296; Har-

lan Produce Co. v. Delaware, L. & W. R. Co., D.C.W.D.N.Y.1948, 8 F.R.D. 104. Cf. McAllister Lighterage Line, Inc. v. Oil Barge Vejoil No. 5 (S.D.N.Y.1949), 13 F.R.Serv. 33.21, Case 1, involving Admiralty Rule 31.

this is only because of the requirements of the special nature of the action. The real dispute here is between the interpleaded defendants. Plaintiff has admitted liability on the policy and nothing is at issue between it and the defendants.

Furthermore, while an issue was raised between Mrs. Jackson and the plaintiff with respect to the loan alleged to be outstanding on the policy, the questions contained in the interrogatories do not relate to matters calculated to lead to the discovery of admissible evidence on this matter. To be sure, it may be necessary for Mrs. Jackson to obtain information from the plaintiff in order to pursue her claim to the money held by this court. Other avenues of discovery not limited to adverse parties are open to her under the applicable procedural rules for this purpose.[2]

2. See, for example, F.R.Civ.P. 26 and 31.