**Walter SMIGIEL**

v.

**COMPAGNIE DE TRANSPORTS OCEANIQUES**

v.

**MARRA BROS., INC.**

No. 363 of 1958, Admiralty.

United States District Court E. D. Pennsylvania.

April 1, 1960.

Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

Rawle & Henderson, Philadelphia, Pa., for respondent.

John J. McDevitt, 3rd, Philadelphia, Pa., for impleaded respondent.

WOOD, District Judge.

The impleaded respondent has served libellant with interrogatories. Libellant has excepted thereto on the ground that impleaded respondent is not an "adverse party" with respect to libellant, and that therefore, impleaded respondent may not serve the interrogatories under Admiralty Rule 31, 28 U.S. C.A. This question has recently been

argued in this Court,[1] and it has been held that unless a third-party defendant *clearly challenges* plaintiff's position, either by pleadings or other evidence in the record, the third-party defendant will not be considered "adverse" to the plaintiff. The record in the case before us reveals no such challenge to libellant's position by impleaded respondent.

Libellant's exceptions are, therefore, sustained.

The libellant has propounded certain interrogatories to respondent calling for detailed information on how the accident to libellant occurred. Respondent has replied 1) that it has no first-hand knowledge of how the accident occurred, and 2) that respondent's attorney has in his possession memoranda of statements made by some eleven eyewitnesses to the accident, but that these memoranda are the work-product of respondent's attorney and will not be produced for libellant's inspection. Libellant has taken the position that the facts contained in the memoranda of witnesses' statements must be revealed in full either by production of the memoranda or by summarizing their content in answer to the interrogatories. With this we cannot agree.

The case of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, established that the "work product of an attorney" cannot be obtained, as a matter of right, by ordinary discovery procedures. The work product of an attorney includes memoranda of statements of witnesses taken in preparation for a case. The case of Alltmont v. United States, 3 Cir., 1950, 177 F.2d 971, established that "texts" or "résumés" of such statements of witnesses could not be obtained via interrogatories. Although there have, as libellant points out in his brief, been inroads[2] made on the doctrines of Hickman and Alltmont, supra, the interrogatories asked by libel-

lant here fall squarely within the prohibition of Hickman and Alltmont.

Libellant's motion is, therefore, Denied.

---

1. See Kestner v. Reading Company, D.C. E.D.Pa.1957, 21 F.R.D. 303; Metropolitan Life Insurance Co. v. Jackson, D.C.E.D.Pa.1959, 178 F.Supp. 361.

2. See Hazell v. Pennsylvania R. Co., D.C. E.D.Pa.1953, 15 F.R.D. 282; McNeice v. Oil Carriers Joint Venture, D.C.1958, 22 F.R.D. 14. We have considered these cases, and find them distinguishable.