Adam E. MOZEIKA
v.
**KAUFMAN CONSTRUCTION COMPANY**
and
**Precision Grinding Wheel Co., Inc.,**
**Defendants and Third-Party Plaintiffs,**
v.
**INGERSOLL–RAND COMPANY**
and
**A. P. Smith Manufacturing Co.,**
**Third-Party Defendants.**
Civ. A. No. 25336.

United States District Court
E. D. Pennsylvania.
April 11, 1960.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., for third-party defendant, Ingersoll-Rand Co.

Thomas Raeburn White, Jr., Philadelphia, Pa., for defendants.

CLARY, District Judge.

This matter is again before the Court on plaintiff's motion for re-argument of its preliminary objections to the interrogatories of the third-party defendant, Ingersoll-Rand Company, which objections had been overruled in an Order filed February 25, 1960. Plaintiff now earnestly contends that if permitted to stand, this decision would create a lack of uniformity in cases decided in this District on the question of whether a person in the position of plaintiff is an "adverse party" as to the third-party defendant, Ingersoll-Rand Company, within the meaning of Rule 33 of the Federal Rules of Civil Procedure, Title 28 U.S.C.A.

Upon a reconsideration of the matter, which has been thoroughly briefed by both the attorney for the plaintiff and the attorney for the third-party defendant Ingersoll-Rand Company, the Court has come to the conclusion that in the light of the decisions handed down in Kestner v. Reading Company, D.C.E.D. Pa.1957, 21 F.R.D. 303. Metropolitan Life Insurance Company v. Jackson, D.C. E.D.Pa.1959, 178 F.Supp. 361; and the later decision of Judge Wood in Smigiel v. Compagnie de Transports Oceaniques v. Marra Bros., Inc., D.C., 183 F.Supp. 518; as well as the decision of Judge Follmer in Biddle v. Hutchinson, D.C. N.D.Pa.1959, 24 F.R.D. 256, the position taken by the plaintiff in this matter is legally correct and the Order entered on February 25, 1960 should be vacated.

This is not to say, however, that as a matter of either pure justice or morality, this decision is right. I do, however, firmly believe that more than mere lip service should be given to the doctrine of stare decisis. Although the facts in the instant case are different from the facts in the cases above referred to, in view of the broad rule set forth in those cases, I feel I must sustain plaintiff's objections here.

This is a case in which Ingersoll-Rand Company was originally sued. In his complaint plaintiff alleged that Ingersoll-Rand Company was negligent in failing to properly manufacture and test the grinding machine involved in this accident and in further failing to exercise due care under the circumstances. Because of lack of diversity which would have destroyed the jurisdiction of this Court, Ingersoll-Rand Company was eliminated as an original defendant. Thereafter orders were entered on the applications of the two remaining defendants granting leave to make Ingersoll-Rand Company a third-party defendant. Counsel for the third-party defendant thereupon addressed interrogatories to the two third-party plaintiffs, Kaufman Construction Company and Precision Grinding Wheel Co., Inc., asking upon what basis they claimed that Ingersoll-Rand Company was at fault in this accident. Each has answered under oath stating that it had no independent evidence upon which to base any claim of negligence but that they rely solely upon testimony to be adduced by the original plaintiff at the trial. Faced with this complete lack of information as to any facts upon which its liability would be based and unable to obtain from the third-party plaintiffs any discovery as to its status in the litigation, Ingersoll-Rand Company directed the interrogatories to the plaintiff, which interrogatories are the subject of the present motion.

Having reached the decision that Ingersoll-Rand Company is not an "adverse party" under the Rules as they have been interpreted by this Court, this by no means limits our power to protect a litigant. It would be manifestly unfair to force Ingersoll-Rand Company to trial in the original action, although wherever possible it is and has been the policy of the Court to litigate third-party actions in the same trial as the original action. Clearly that cannot be done in this case.

The Court, therefore, in the exercise of its power to control the trial of separate issues under the provisions of Rule 42 of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., will of its own motion enter an order severing the third-party action from the trial of the original action and allow the third-party defendant, Ingersoll-Rand Company, a period of three (3) months after final determination of the original litigation to obtain its discovery prior to the trial of the third-party action.

### Order

And Now, to wit, this 11th day of April, 1960, for the reasons set forth in the foregoing Opinion, it is

### Ordered, Adjudged and Decreed

1. That the Order entered February 25, 1960 overruling plaintiff's preliminary objections to interrogatories of third-party defendant, Ingersoll-Rand Company, be and it is hereby Vacated.

2. That plaintiff's preliminary objections to the interrogatories of third-party defendant, Ingersoll-Rand Company, on the ground that said third-party defendant is not an adverse party be and they are hereby Sustained.

3. That the third-party action of Kaufman Construction Company and Precision Grinding Wheel Co., Inc., third-party plaintiffs, v. Ingersoll-Rand Company, third-party defendant, be and it is hereby Severed from the trial of the original action and that the said third-party action not be listed for trial for a period of ninety (90) days after final determination of the original litigation, and within said ninety-day period third-party defendant may complete its discovery in this action.

4. That third-party defendant, Ingersoll-Rand Company, be permitted to demand a jury trial in the third-party action within ten (10) days from the date of this Order.