John GAMBLE

v.

POPE & TALBOT, INC.

v.

JARKA CORP. OF PHILADELPHIA.

Civ. A. No. 24579.

United States District Court
E. D. Pennsylvania.

Feb. 23, 1961.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

Joseph R. Thompson, Philadelphia, Pa., for third-party defendant.

VAN DUSEN, District Judge.

■■ This case is before the court on plaintiff's motion to strike defendant's pre-trial memorandum, which was filed over ten months after its due date under the pre-trial standing order of this court, but the day before the pre-trial conference and over three months before the trial. Plaintiff's pre-trial memorandum (Document No. 18) alleges liability for serious injuries, including a herniated disc in the lumbosacral region with bilateral sciatica, possible herniation of disc in the cervical area, cerebral concussion with post-concussion syndrome, and fractures of the hand and arm. Also, it claims past loss of earnings and a permanent partial disability of a 45-year old longshoreman resulting in a future loss of one-third of his earning power, with a total value of the claim exceeding $113,000 as of December 1959. Defendant's pre-trial memorandum (Document No. 20) alleges a meritorious defense (unreported accident and no negligence or unseaworthiness, as explained at the pre-trial conference—see paragraph 5 of Document No. 25) and contributory negligence reducing any damages. Plaintiff concedes that the relief he seeks would result in a default judgment on the issue of liability and precludes defendant from introducing any evidence to reduce the damages established by plaintiff's witness, but contends that inexcusable neglect is involved. Defendant alleges that the failure to file its pre-trial memorandum when due was due to an oversight of counsel (see page 2 of Document No. 27) and points out that neither counsel for plaintiff or third-party defendant pointed out the omission to it. See Teal v. King Farms Company, D.C.E.D.Pa.1955, 18 F.R.D. 447, 448, holding that such a statement by counsel will be accepted "as made in entire good faith." The plaintiff has shown no substantial prejudice on this record in view of the over three months elapsing between the filing of the pre-trial memorandum and the trial.[1]

The able counsel for plaintiff has been able to find no authority, and the court has been able to find none, in support of such drastic action as plaintiff requests. The relief sought is prohibited by these legal principles adopted by the Federal Courts:

■ A. Any doubt should be decided against allowing a default where there is alleged a meritorious defense and substantial amounts are involved. See Tozer v. Charles A. Krause Milling Co., 3 Cir., 1951, 189 F.2d 242; Teal v. King Farms Company, supra; Alopari v. O'Leary et al., D.C.E.D.Pa.1957, 154 F.Supp. 78, 81, and cases there cited. In the Tozer case, the court emphasized that a standard of liberality should be followed in setting aside default judgments in situations such as this, using this language at page 245 of 189 F.2d:

"Matters involving large sums should not be determined by default judgments if it can reasonably be avoided. (Citing case.) Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. (Citing cases.) Since the interests of justice are best served

1. Plaintiff claimed at the argument that he has been prejudiced by the inclusion in defendant's list of witnesses of four officers on the ship where the accident occurred (1–4 under C of Document No. 20), as to whom he could have had discovery if the defendant's pre-trial memorandum had been filed in January 1960, when due, but the names of at least two of these witnesses were in paragraphs 4 (Taylor) and 10(r) and 15 (McCarthy) of Answers to Interrogatories filed 5/28/59 (Document No. 11). The other two officer witnesses will be stricken from the memo. Plaintiff has had three months to secure (and notify other counsel and the court of) a witness comparable to Mr. Kecler and he would not have been permitted to depose such an expert even if his name had been available in January 1960.

by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments. We are of the opinion that the court below applied a standard of strictness rather than one of liberality in concluding that justice did not require that the judgment be set aside."

■ B. Pre-trial orders may be modified even at the trial "to prevent manifest injustice." See F.R.Civ.P. 16, 28 U.S.C.A., and Zielinski v. Philadelphia Piers Co., D.C.E.D.Pa.1956, 139 F. Supp. 408, 414; Phoenix Mutual Life Ins. Co. of Hartford, Conn. v. Flynn, 1948, 83 U.S.App.D.C. 381, 171 F.2d 982, 983.

■ C. The remedy for defendant's delay in such a situation is the imposition of costs, expenses incurred in securing witnesses required by the late filing of the pre-trial memorandum, and counsel fees resulting from such late filing. See Matheny v. Porter, 10 Cir., 1946, 158 F.2d 478, 480.

■ As indicated in footnote 1 above, subsections C2 and C4 of defendant's pre-trial memorandum (Document No. 20) will be stricken. Cf. Sinclair Refining Co. v. United States, Civil Action No. 25488, Order of Judge Clary dated 9/29/60, and Globe Cereal Mills v. Scrivener, 10 Cir., 1956, 240 F.2d 330, 335. Also, plaintiff may submit within thirty days an appropriate order for the imposition upon defendant of all costs, expenses and counsel fees caused by defendant's delay in filing its pre-trial memorandum. In view of the time of judicial employees of the Government wasted as a result of the late filing of this memorandum, a fine shall be paid by counsel for defendant to the United States of America (see Standing Order of February 8, 1960).[2] Such a fine will be more substantial in subsequent cases

of such long delay in filing a pre-trial memorandum, but the fact that this is the first time in the experience of the pre-trial judge that a fine has been required is being taken into consideration in this case. Also, it is suggested to opposing counsel that, in the future, their adversary should be reminded of his delinquency if default and other remedies are to be sought for its long continuance.

See order of February 23, 1961 (Document No. 28).

---

2. The assertion that the court is not inconvenienced by filing such a memorandum with the Clerk the day before the pre-trial conference is inaccurate, since the trial judge in such circumstances nor-

mally would not receive the document in time to prepare for the conference. Also, consideration of this Motion, etc., has been required by this delay.