Peter **WEITORT**

v.

**A. H. BULL & COMPANY**

v.

**JARKA CORPORATION OF PHILADELPHIA.**

Civ. A. No. 24814.

United States District Court
E. D. Pennsylvania.
March 15, 1961.

Avram G. Adler, of Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Thomas E. Byrne, Jr., of Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

George E. Beechwood, of Beechwood & Lovitt, Philadelphia, Pa., for third-party defendant.

VAN DUSEN, District Judge.

In this personal injury action by a stevedore against the owner and operator of the ship on which he was working when the payloader (brought aboard by his employer) he was driving went over the side of the hatch opening at the 'tween deck level into the lower hold below, the employer of the stevedore has been joined as a third-party defendant on the ground that, if the averments of the Complaint are established, it is obligated to indemnify defendant for any amounts which defendant shall be required to pay as the result of the principal action by plaintiff against defendant. The principal items of fault alleged by plaintiff in the record as constituting unseaworthiness and negligence are:

1. "Faulty" brakes on the payloader.

2. An absence of caplogs around the hatch coaming (see pages 1 and 2 of plaintiff's pre-trial memorandum, being Document No. 10).

These allegations are denied by defendant. Third-party defendant (hereinafter called "Jarka") denies any fault on its part and lists among its possible witnesses "all of those witnesses mentioned in the Plaintiff's Pre Trial Memorandum and also those witnesses mentioned in the Defendant's Pre Trial Memorandum" (see pre-trial memorandum docketed as Document No. 20). Jarka's principal defense is that it is not liable under the specific contractual provisions governing the stevedoring work involved in this case. Also, the record makes clear that defendant and third-party plaintiff will rely on the evidence produced by plaintiff in the principal action in supporting its third-party claim and that plaintiff and third-party defendant are on opposite sides of the allegation of fault listed under 1 above.

Plaintiff seeks alternative relief in the Motion now before the court as follows:

A. Severance of the principal action of plaintiff against defendant from the third-party action for the purposes of trial; or

B. Entry of an order precluding the third-party defendant from participating in the trial of the principal action.

Because counsel for plaintiff has taken the position in several similar actions, as well as this one, that he is entitled to the relief requested as a matter of right in every such case, this Memorandum Opinion is being filed in this case.[1]

### A. Severance of the Actions

The United States Circuit Courts of Appeals have recognized that the purpose of permitting consolidation of actions under the Federal Rules was to encourage such consolidation where possible.[2] See United States v. Knauer, 7

[1]. It is noted that other federal courts in this Circuit have rejected motions (under F.R.Civ.P. 21, 28 U.S.C.A.) for severance of third-party claims. See, for example, Cochran v. Swank Hard-ware Co., D.C.W.D.Pa.1953, 14 F.R.D. 233, 234.

[2]. It is noted that the United States Court of Appeals for the Third Circuit has taken a position of leadership in devel-

Cir., 1945, 149 F.2d 519, 520, affirmed 1946, 328 U.S. 654, 66 S.Ct. 1304, 90 L. Ed. 1500, rehearing denied 1946, 329 U. S. 818, 67 S.Ct. 25, 91 L.Ed. 697, petition denied 1947, 332 U.S. 834, 68 S.Ct. 210, 92 L.Ed. 407. Cf. Howey v. Yellow Cab Co., 3 Cir., 1950, 181 F.2d 967, 973, affirmed sub. nom. United States v. Yellow Cab Co., 1951, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523; Walker v. Loop Fish & Oyster Co., 5 Cir., 1954, 211 F.2d 777, 780–781.

The Supreme Court of the United States has indicated that any criticism of the joint trial of multiple claims procedure under the Federal Rules should be directed to the revisors of the Rules or to Congress.[3] See United States v. Yellow Cab Co., 1951, 340 U.S. 543, 556, 71 S.Ct. 399, 95 L.Ed. 523, where the court said:

"The availability of third-party procedure is intended to facilitate, not to preclude, the trial of multiple claims which otherwise would be triable only in separate proceedings. The possibility of such procedural difficulties is not sufficient ground for so limiting the scope of the Act as to preclude its application to all cases of contribution or even to all cases of contribution arising under third-party practice. If the Act develops unanticipated complications, Congress can then meet them to such extent as it may desire to fit the demonstrated needs."

This court has stated that where, as in this case, the same witnesses are involved in two claims, a motion for their severance for purposes of trial will be denied. See Commercial Banking Corp. v. In-

demnity Ins. Co., D.C.E.D.Pa.1940, 1 F. R.D. 380, 382, where Judge Bard said:

"In this regard, the testimony to be adduced at the trial most likely will be given by the same witnesses. In sum, both convenience and economy would appear to be furthered by a single trial on all of the issues."

Similarly, Chief Judge Biggs said in Howey v. Yellow Cab Co., supra, 181 F. 2d at page 973:

"Surely the stricture of the Sherwood case * * *, would not serve to require second, separate trials with the United States as the sole defendant, the issue being one of contribution, for such second, separate trials would embrace the same evidence as that already received and would be conducted before the same judge."

■ This court has stated that the determining factors in deciding whether an application for separate trials shall be granted are "the doing of justice, the avoidance of prejudice, and the furtherance of convenience." See Society of European Stage Authors and Composers v. WCAU, etc., D.C.E.D.Pa.1940, 35 F. Supp. 460, 461.

■ Under the circumstances of this case, these three objectives will be achieved by a single trial. There is no necessary prejudice to plaintiff in the joint trial of these two actions on this record and, if the situation is different at the time of trial, the application may be renewed. Although plaintiff complains that he may be prejudiced by the testimony of third-party defendant's witnesses as to whom he has not been able to secure information by interrogatories (see pages 8 and 9 of his brief), the rec-

oping third-party practice under the Federal Rules. See Sporia v. Pennsylvania Greyhound Lines, 3 Cir., 1944, 143 F.2d 105; Howey v. Yellow Cab Company, supra.

3. The briefs and argument make clear that one of plaintiff's chief objections is to the alleged "unwieldy trial" which will result from the trial of the two claims at the same time. For example, at pages

1–2 of the reply brief, this language is used:

"The adjudication will follow whether there be one complex unwieldy trial incorporating the plaintiff, the defendant in both his guises with the resultant confusion to a lay jury of calling him defendant in one breath and third party plaintiff in the other, and lastly the third party defendant; or two simple trials."

ord establishes that third-party defendant has no witnesses on the issues of fault listed under 1 and 2 above, other than those listed in plaintiff's and defendant's pre-trial memoranda,[4] as to whom plaintiff has had full opportunity for discovery.

■ As to plaintiff's complaint that he could not have directed any interrogatories to third-party defendant, counsel for plaintiff apparently overlooks the language underlined below in Kestner v. Reading Company, D.C.E.D.Pa.1957, 21 F.R.D. 303–304:

> " * * * it has been held that the rule refers not to parties whose interest in the result of the litigation may be adverse but to parties who are on opposite sides of an issue raised by the pleadings or *otherwise presented by the record*." (Emphasis supplied.) [5]

This record makes clear that third-party defendant and plaintiff are adverse on the issue of the allegation of faulty brakes on the payloader, which was brought on the ship by third-party defendant, even though third-party defendant did not answer the Complaint. Under the Kestner case, it seems clear that plaintiff could have directed interrogatories to Jarka concerning this issue. However, since plaintiff has clearly operated under the assumption that the decisions of this court prevented such interrogatories on all issues unless the third-party defendant answered his Complaint, it has been assumed in deciding this Motion that plaintiff could not have directed any interrogatories to Jarka.

■ The fact that Jarka will have the opportunity to cross-examine plaintiff's witnesses is no source of prejudice as the court can control repetitive cross-examination. If such additional cross-examination elicits the truth, it results in "the doing of justice." Plaintiff's argument overlooks the unfairness and prejudice which may result to Jarka and to the Bull Company from the factfinder deciding the principal action on evidence which differs from that before the factfinder deciding the third-party action.[6] Complications resulting from apparently differing findings in the two actions when they have been tried separately are illustrated in cases such as Curtis v. A. Garcia Y Cia, 3 Cir., 1959, 272 F.2d 235. Jarka's witnesses will be subject to cross-examination by plaintiff. This court has frequently recognized that there will be situations where a severance of the third-party action will be required in order to do justice, see, for example, Mozeika v. Kaufman Construction Company, D.C.E.D.Pa.1960, 25 F.R.D. 233, but this record does not present such a case.

B. Request for order precluding third-party defendant from participating in the trial of the principal action

■ Plaintiff bases this contention on language in cases such as M. V. M., Inc.

---

4. The phrase "officers and members of the crew of the SS. Carlolyn" on page 4 (par. 5) of Document No. 20 is too vague to comply with the requirements of the Standing Order of October 23, 1958 (see Memorandum docketed as Document No. 28 in Gamble v. Pope & Talbot, Inc. v. Jarka Corp. of Philadelphia, D.C., 191 F.Supp. 763, and authorities there cited) and, since Jarka has not supplemented its witness list by March 1, as permitted at the pre-trial, it is now too late to do so. Expert witnesses may not be the subject of discovery and, if plaintiff wished to know more specifically the contentions of third-party defendant, he could have moved for a more specific pre-trial memorandum as his counsel has done on other occasions. See, for example, Plaintiff's Motion To Compel Filing of Specific Pre-Trial Memorandum (Document No. 16) in Graves v. Central Gulf Steamship Corp., Civil Action No. 25478, and Order granting that Motion (Document No. 17). Cf. Cooper v. D/S A/S Progress, D.C.E.D.Pa.1960, 188 F.Supp. 578, 586.

5. See Mozeika v. Kaufman Construction Company, D.C.E.D.Pa.1960, 25 F.R.D. 233, reaffirming the Kestner case.

6. Counsel for the third-party defendant may well bring out from the same witnesses additional evidence which has not been before the jury during the trial of the principal action.

v. St. Paul Fire & Marine Insurance Co., D.C.S.D.N.Y.1957, 20 F.R.D. 296,[7] which considers whether a plaintiff and third-party defendant are adverse for the purpose of the application of F.R.Civ.P. 33, which provides that "Any party may serve upon any *adverse* party written interrogatories  *  *  * " (emphasis supplied). Such decisions are inapplicable to the factual situation presented by this record.[8] If Jarka is to be precluded from taking any part in the trial during the principal action, all the witnesses called by plaintiff and defendant on the subject of the issues listed under 1 and 2 above would have to be recalled when the third-party action was tried so that Jarka's counsel would have an opportunity to examine or cross-examine them. The federal courts have held that such a procedure is "a needless waste of time." See Walker v. Loop Fish & Oyster Co., supra; Hennesey v. S. E. C. et al., 3 Cir., 285 F.2d 511. In the Walker case, the court used this language at pages 780–781 of 211 F.2d:

> "The trial court further. notified plaintiffs in the non-jury cases (appellants here) that they could fully

participate in the jury case, which was done.

> *    *    *    *    *    *

> "The same judge tried both the jury and the non-jury cases. It would have been a work of supererogation, and a needless waste of time, for the trial judge to have again heard in the non-jury cases the lengthy evidence on the question of negligence which he had just heard eleven days before, in the jury case. Rule 42 was designed to relieve against just such situations. There is no showing that appellants were denied the right to introduce any evidence they desired to introduce. The sole complaint is that the trial judge considered in the non-jury cases, the same evidence he had just heard in the jury case, which he notified counsel in advance he intended to do. The district judge has a wide discretion in regulating trial procedure. Appellants were not prejudiced by the method followed here." [9]

F.R.Civ.P. 14(a) provides:

> "The third-party defendant may assert against the plaintiff any de-

---

7. This case recognizes at page 298 that there is a previous decision of the Southern District of New York which is in accord with the language underlined above from the Kastner case on the issue of when these interrogatories may be filed between parties who have not filed any pleadings directed to each other. See McAllister Lighterage Line, Inc. v. Oil Barge Vejoil, 13 F.R.Serv. 33.21, Case 1, at page 589. Cf. 4 Moore's Federal Practice (2nd Ed.), par. 33.06.

8. See Cooper v. D/S A/S Progress, D.C. E.D.Pa.1960, 188 F.Supp. 578, 582–583. The pre-trial judge has explained in that opinion why he believes the emphasis placed by counsel for plaintiff on the wording of a form attached to the Rules is not pertinent on the issue presented by this Motion.

9. In the Hennesey case, the United States Court of Appeals for the Third Circuit has recognized that a procedure which would involve repetition of testimony *is* "wasteful," using this language [285 F. 2d 516]:

"It is well to further point out that the requirement that Underwriters would have us read into Section 43(a) would be *inconsistent with the maintenance of an orderly and rational procedure in the* agency proceedings themselves. Were we to hold that each person intending to seek review of an agency's order by which he is aggrieved had to have personally participated to the fullest extent permitted in the administrative proceedings in order to preserve his standing on appeal such a person would be forced to pursue one of two equally futile courses. Either he would have to repeat the testimony, cross-examination, exceptions, briefs and the other activities of the participants with interests, like to his, and in this way preserve his standing on review, or he could, at the conclusion of each step of the litigation formally adopt all that had been done by others that was consistent with his own interests in a kind of 'me-too' manner. To require *either course would be wasteful and absurd.*"

170

fenses which the third-party plaintiff has to the plaintiff's claim."

Under these circumstances, plaintiff's Motion will be denied. Such a Motion as this may be renewed at any time that the record justifies such renewal.