Patricia Ann **POWELL**, a minor, etc., et al.

v.

**WILLOW GROVE AMUSEMENT PARK**

v.

**CHANCE MANUFACTURING CO.,** Inc.

Civ. A. No. 41910.

United States District Court
E. D. Pennsylvania.

Aug. 22, 1968.

Bert E. Zibelman, of Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Howard B. Detweiler, of Detweiler, Sherr & Hughes, Philadelphia, Pa., for third-party defendant.

## OPINION

MASTERSON, District Judge.

This lawsuit was brought by minor plaintiff to recover damages for injuries sustained when she was thrown from her seat while riding on an amusement ride known as the "Trabant". This amusement is operated by defendant Willow Grove Amusement Park (hereafter Willow Grove). Her complaint seeks recovery from Willow Grove only, and in three paragraphs alleges that the injuries which she received were "due solely to the carelessness and negligence of the defendant, by its agents, servants, workmen and employees", and its breach of express and implied warranties to carry her safely on the ride and to operate the ride in a safe manner.

The crux of the theory under which minor plaintiff seeks to impose liability on Willow Grove, as alleged in her complaint, is that Willow Grove failed to take whatever steps were necessary to secure her to her seat in a safe manner and that its operation of the ride without so doing was a failure to exercise for her safety that which was necessary under the circumstances.

Willow Grove, as third party plaintiff, joined as third party defendant, Chance Manufacturing Company, Inc. (hereafter Chance), the manufacturer and co-installer of the ride. In its complaint Willow Grove averred that if the minor plaintiff was injured as she had complained, her injuries were caused by the carelessness and negligence of Chance. Willow Grove further averred that Chance was careless and negligent in that:

(a) it manufactured an amusement ride known as "Trabant" which was unsafe;

(b) it caused the said "Trabant" to be installed in an unsafe manner;

(c) it failed to inform and advise the third party plaintiff of the defective manufacture and installation of the said "Trabant";

(d) it was careless and negligent under all the circumstances of the accident.

Chance denied all liability and further denied that the "Trabant" amusement ride was unsafe, that it was installed and operated in an unsafe manner and that it was defective.

Minor plaintiff propounded written interrogatories to the third party defendant pursuant to Federal Rule of Civil Procedure 33 which allows written interrogatories to be served upon any "adverse party". Chance objected to these interrogatories on the grounds that since it had not filed an answer to the minor plaintiff's complaint in the original action, and since minor plaintiff had not amended her complaint to state a claim against the third party defendant, Chance was not adverse to minor plaintiff within the meaning of Rule 33.

The difficulties inherent in determining the meaning of "adverse party" have too frequently been a source of contention among parties to litigation. As Judge Heebe has pointed out, the courts, lacking the guidance which might have been furnished by the Advisory Rule Committee when it proposed the rule, have reached widely divergent and often confusing results. Carey v.

Schuldt, 42 F.R.D. 390, 393 (E.D.La., 1967).

Professor Moore has demonstrated that the purpose sought to be served by the adversity requirement of Rule 33 is rather difficult to determine:

"The necessity of limiting a device that is designed to operate with a minimum of judicial supervision to parties is obvious; the purpose of limiting its operation to 'adverse parties' is unclear. Certainly it is not to protect the parties who are not adverse from being compelled to disclose the information, for independent of Rule 33 the party seeking disclosure may take the deposition of any other party, 'adverse' or not. Indeed, Under Rule 31 it can submit the same interrogatories and the interrogated party must answer them willy-nilly and without regard to any want of 'adversity'. On the surface, then, it seems that the provision is designed to protect the remaining parties from the possible consequences of having discovery proceed between co-parties without notice to the other parties and the opportunity to submit cross-interrogatories.

There are several troubles with this explanation. In the first place, the distinction between 'adverse' parties and other parties seems inappropriate as a solution to this problem. The exchange of information between co-parties does not seem to be fraught with any more danger to the interests of the other parties than does the exchange between two parties adverse under the pleadings. In the second place it seems that the worst embarrassment that could come from such an interchange would be that one of the parties would extract an admission from the other. Curiously enough, an admission could be extracted by a request for an admission under Rule 36, without notice to the other parties and without regard to 'adversity'. In the third place, if want of notice is a problem, denying all but adverse parties access to the simplest and least expensive mode of discovery appears to be an excessive remedy. Provision could be made for service of interrogatories and their answers on all parties to the litigation." 4 J. Moore, Federal Practice (2 ed. 1967 ¶ 33.06 (citations omitted).

In dealing with the "adverse party" requirement of Rule 33, there is some authority for deciding the issue of adversity in a mechanical fashion by refusing to look beyond a determination of whether the parties had formally served a complaint or an answer on one another. Thus in M.C.M., Inc. v. St. Paul Fire and Marine Ins. Co., 20 F.R.D. 296 (S.D.N.Y.1957), criticized in 71 Harv.L.R. 735 (1958), the objection of a third party defendant who had not answered plaintiff's complaint, to interrogatories propounded by the plaintiff was sustained on the ground that the parties were not adverse.

Generally, however, the courts have accepted the position that they need not be restricted to the pleadings in finding adversity under Rule 33. The formulation frequently adopted is that:

" * * * the rule refers not to parties whose interest in the result of the litigation may be adverse but to parties who are on opposite sides of an issue raised by the pleadings or otherwise presented by the record." Kestner v. Reading Co., 21 F.R.D. 303, 304 (E.D.Pa.1957); Hagans v. Ellerman & Bucknell Steamship Co., 318 F.2d 563, 587 (3rd Cir. 1963); Weitort v. A. H. Bull & Co., 192 F.Supp. 165, 168 (E.D.Pa.1961).

The courts have undertaken to examine the entire record to determine whether it shows that the party serving the interrogatories, and the party upon whom they are served, are on opposite sides of an issue or issues, regardless of whether or not pleadings have been served by one on the other. For example, in Bender v.

Luckenbach Overseas Corp. v. Northern Metals Company, Civil Action No. 36928, dated September 13, 1966 an unreported memorandum and order by Judge Luongo, the third party defendant in answering the third party complaint alleged, inter alia, plaintiff's contributory negligence and assumption of risk, but did not file an answer to plaintiff's complaint. Discovery under Rule 33 was allowed.

The court in Carey v. Schuldt, supra, concluded

"In determining 'adversity', the focus is on the issues and not interests. Conflicting interests without more, does not constitute 'adversity'. To be 'adverse' the parties must oppose each other on an issue in the case. 'Adversity' does not mean that one party *must* be seeking a judgment or recovery against the other party. But it does mean that one party strives to win a point at issue at the expense of the other. When two parties are contesting an issue, and the outcome of the litigation will be different as to either party due to the determination of that issue then they are 'adverse' within the meaning of Rule 33."

▆▆ Adopting this analysis of "adversity", the issue controlling minor plaintiff's right to interrogate third party defendant under Rule 33 is whether or not the record reveals a factual challenge to a position or theory beneficial to minor plaintiff by third party defendant. cf. Smigiel v. Compagnie De Transports Oceaniques, 183 F.Supp. 518, 519 (E.D.Pa.1960). After examining the record in this case, the Court has concluded that such a challenge does exist. In raising the factual issues of whether or not the "Trabant" was defectively designed and installed defendant Willow Grove has automatically placed the minor plaintiff and the third party defendant in postures which are adverse to one another as to this issue. In her attempt to recover compensation from Willow Grove, minor plaintiff's interest will clearly be advanced if it is determined that the amusement ride was in a defective condition because of its design, manufacture or installation when Willow Grove offered it for the use of its patrons. On the other hand, such a determination will adversely affect the interest of the third party defendant. Thus, at trial, each party to these interrogatories could benefit at the other's expense according to which factual contentions as to the condition of the "Trabant" are accepted by the trier of fact.

▆ Reliance on what is essentially a technical ground to *postpone* discovery is a wasteful practice which is not to be encouraged. For were the Court to rule in the instant case that adversity was lacking, minor plaintiff could get the information she seeks under Rule 30 by taking depositions of knowledgeable persons. This procedure is more formal and considerably more expensive. Such a result is inconsistent with the entire philosophy of the Federal Rules which seek to make the trial of issues expeditious and inexpensive. Thus a finding that there has been a failure with the adversity requirement of Rule 33 should not be made unless this lack of adversity is clear.

## ORDER

And now, this 22nd day of August, 1968, for the reasons set forth in the above opinion, it is ordered that the third party defendant's objection to plaintiff's interrogatories is overruled. Chance Manufacturing Co., Inc., is ordered to answer the interrogatories.