**Dorothy HENNESEY, doing business as Hennesey & Co., Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent,**

**The Great American Life Underwriters, Inc., Intervenor.**

No. 13384.

United States Court of Appeals Third Circuit.

Argued Dec. 5, 1960.

Decided Jan. 10, 1961.

Abraham H. Carchman, Newark, N. J., for appellant.

George Peter Michaely, Jr., Washington, D. C., for Securities and Exchange Comm.

Abe Fortas, Washington, D. C., for intervenor.

Before BIGGS, Chief Judge, and GOODRICH and FORMAN, Circuit Judges.

BIGGS, Chief Judge.

On September 13, 1960, Dorothy Hennesey, doing business as Hennesey & Co., filed a petition in this court, purportedly pursuant to section 43(a) of the Investment Company Act of 1940, 54 Stat. 844, as amended, 15 U.S.C.A. § 80a–42(a),[1] for review of an order of the Securities and Exchange Commission, issued on July 15, 1960, exempting The Great American Life Underwriters, Inc. (Underwriters) from the provisions of the Act from and after January 1, 1941, the effective date of the Act. On October 18, 1960, by order of this court, Underwriters was granted leave to intervene in the appeal. Thereafter, on November 23, 1960, Underwriters filed a motion to dismiss the appeal on the ground that petitioner, Hennesey, has no standing in this court by reason of having failed to exhaust her administrative remedies before the Commission. The facts are as follows.

On December 13, 1955, Underwriters filed an application with the Commission requesting an order pursuant to Section 6(c) of the Investment Company Act of 1940 exempting it from all the provisions of the Act from and after January 1,

1. Section 43(a) provides: "Any person or party aggrieved by an order issued by the Commission under this subchapter may obtain a review of such order in the United States court of appeals within any circuit wherein such person resides or has his principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the entry of such order, a written petition praying that the order of the Commission be modified or set aside in whole or in part. A copy of such petition shall be forthwith transmitted to the clerk of the court to any member of the Commission or any officer thereof designated by the Commission for that purpose, and thereupon the Commission shall file in the court the record upon which the order complained of was entered, as provided in section 2112 of Title 28. Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record shall be exclusive, to affirm, modify, or set aside such order, in whole or in part. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission or unless there were reasonable grounds for failure so to do. The findings of the Commission as to the facts, if supported by substantial evidence, shall be conclusive. If application is made to the court for leave to adduce additional evidence, and it is shown to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the proceeding before the Commission, the court may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The Commission may modify its findings as to the facts by reason of the additional evidence so taken, and it shall file with the court such modified or new findings, which, if supported by substantial evidence, shall be conclusive, and its recommendation, if any, for the modification or setting aside of the original order. The judgment and decree of the court affirming, modifying, or setting aside, in whole or in part, any such order of the Commission shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification as provided in sections 346 and 347 of Title 28."

1941, the effective date of the Act, or, in the alternative, an order pursuant to Sections 8(f) and 6(c) of the Act declaring that it had ceased to be an investment company. Pursuant to proper notice, the matter came on for hearing before a Hearing Examiner on October 23, 1957. At this time, Hennesey, a holder of thirty-seven shares of the common stock of Underwriters, appeared through her attorney, and requested leave to be heard in the proceeding pursuant to Rules XVII(b) and (c) of the Commission's Rules of Practice, 15 U.S. C.A. following section 78u,[2] despite her failure to comply with those Rules by filing her request at least two days prior to the date fixed for the commencement of the hearing. In order to show her interest in the proceedings, Hennesey presented a number of objections to the granting of Underwriters' application. After some debate on the question of Hennesey's right to participate the Hearing Examiner, in the exercise of his discretion, ruled that she be granted full rights of participation pursuant to Rules XVII(b) and (c). Others granted full rights of participation were I. A. Williams, a stockholder of Underwriters and Franklin Life Insurance Company, a subsidiary of Underwriters. The applicant, Underwriters, and the Commission's Division of Corporate Regulation were, of course, parties to the proceedings.

Following this first day, hearings on Underwriters' application were held on twenty-seven days over a period of eight months. The record contains approximately 3300 pages of oral testimony and more than 350 exhibits, many of which are lengthy and complex documents. During this period, Underwriters, the Division of Corporate Regulation, Franklin Life Insurance Company and Williams all actively exercised their rights

2. Rules XVII(b) and (c) provide: "(b) Any person may, at the discretion of the hearing officer, be given leave to be heard in any proceeding as to any matter affecting his interests. Requests for leave to be heard shall be in writing, shall set forth the nature and extent of the applicant's interest in the proceeding, and shall be filed with the hearing officer or the Commission not later than 2 days prior to the date fixed for the commencement of the hearing, except that where a respondent is required to answer, requests for leave to be heard shall be filed within the time provided for the filing of the answer. The hearing officer or the Commission may direct any person requesting leave to be heard to submit himself to examination as to his interest in the proceeding."

"(c) Leave to be heard pursuant to paragraph (b) of this section may include leave to call and examine witnesses, to offer documentary evidence, to cross-examine witnesses, to file briefs, to submit proposed findings and conclusions and to make oral argument. The hearing officer shall determine the time and extent of such participation except that oral argument may be permitted only by the Commission upon written request therefor. Persons granted leave to be heard shall be bound, except as may be otherwise determined by the hearing officer, by any stipulation between the parties to the proceeding with respect to procedure,

285 F.2d—33

including submission of evidence, substitution of exhibits, corrections of the record, the time within which briefs or exceptions may be filed or proposed findings and conclusions may be submitted, the filing of intermediate decisions, the procedure to be followed in the preparation of decisions and the effective date of the Commission's order in the case. Where the filing of briefs or exceptions or the submission of proposed findings and conclusions are waived by the parties to the proceeding, a person granted leave to be heard pursuant to paragraph (b) of this section shall not be permitted to file a brief or exception or submit proposed findings and conclusions except by leave of the hearing officer or of the Commission. Except as may otherwise be specifically directed by the hearing officer at the request of any person granted leave to be heard, such person shall be expected to inform himself by attendance at public hearings and by examination of the public files of the Commission as to the various steps taken in the proceeding, including continuances, the filing of amendments, answers, motions, or briefs by parties to the proceeding, or the fixing of time for any such action, and such person shall not be entitled as of right to other notice thereof, or to service of copies of documents."

These Rules are now embodied substantially in Rule 9 of the Commission's Rules of Practice.

of participation, vigorously presenting their positions to the Hearing Examiner. Hennesey, on the other hand, never again appeared at the hearings.

After the evidentiary hearing all of the parties and participants except Hennesey filed briefs and proposed findings to the Hearing Examiner. Thereafter, on June 15, 1959, the Hearing Examiner filed his recommended decision which proposed that Underwriters' application be granted subject to certain conditions. All of the parties and participants, except Hennesey, filed with the Examiner exceptions to the recommended decision and briefs supporting their exceptions. Oral argument on the exceptions was had before the Commission on November 17, 1959. On the morning of November 17, Hennesey requested a postponement of this hearing so that she might present oral argument at a later date but the request was refused by the Commission. She renewed her request by telegraph later in the day but this too was denied. Williams also did not present oral argument to the Commission.

On July 15, 1960, the Commission handed down an order substantially in accord with that recommended by the Hearing Examiner. Hennesey filed a petition for rehearing with the Commission on August 15, 1960, thirty-one days after the issuance of the order despite the fact that the Commission's Rules of Practice require that a petition for rehearing be filed within five days after the issuance of the order complained of. Rehearing was denied on the grounds that the petition was out of time and that it raised no issues not previously presented to or considered by the Commission.[3] Hennesey's petition for review of the order of July 15, 1960 followed. As we have stated, Underwriters has moved to dismiss the petition.

■ On these facts Underwriters, while conceding that Hennesey is a "person aggrieved" within the meaning of Section 43(a) of the Act, contends that she has no standing to pursue an appeal of the Commission's order because she has failed to "exhaust her administrative remedies". It is argued that the presentation of her objections on the first day of the hearing did not constitute effective or meaningful participation in the proceedings and that her subsequent absence from the proceedings was an abandonment of her administrative remedy. Hennesey argues that the objections that she presented on the first day of the hearing preserved her right to pursue an appeal and argues further that she may raise in this court any exceptions or contentions urged before the Commission by the other parties or participants in the proceedings. We agree with Underwriters that under the circumstances, and in view of the fact that Hennesey was granted full rights of participation pursuant to Rules XVII(b) and (c), Hennesey's initial objections were not sufficient in and of themselves to confer standing on her to obtain review of the order of the Commission. But we agree with Hennesey that review may be had, pursuant to Section 43(a) of the Investment Company Act of 1940, of any portion or aspect of an order of the Commission that has been challenged effectively and meaningfully by any party to or participant in the administrative proceeding so long as the contentions raised are consistent with the interests of the person or participant seeking review as a "person aggrieved".

■ It is well established that issues not effectively presented to an administrative agency, where ample opportunity to do so has been afforded, cannot be raised on appeal of that agency's decision. This principle may be viewed as one facet of the judicially developed doctrine of "exhaustion of administrative remedies". Many of the statutory provisions for judicial review of administrative action incorporate this rule. Section

3. It should be noted that the points raised by Hennesey in her petition for review in this court are not substantially different from those raised in her petition for rehearing which was denied by the Commission on the alternative ground that it raised "no issues not previously presented to or considered by the Commission."

43(a) of the Investment Company Act of 1940 with which we are here concerned provides that: "No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission or unless there were reasonable grounds for failure so to do." Similarly, Rule X(b) of the Commission's Rules of Practice provides that: "Objections to an intermediate decision not saved by exception filed pursuant to this rule will be deemed to have been abandoned and may be disregarded." [4]

▮▮▮ Underwriters' argument is necessarily grounded on the proposition that the quoted language of Section 43 (a) means not only that "no objection * * * shall be considered by the court unless such objection shall have been urged before the Commission" but further that "no objection * * * shall be considered by the court unless such objection shall have been urged before the Commission" by the party petitioning for review. In other words, if the objection is urged before the Commission by "A", who is, for example, a person or party aggrieved, but it is not urged by "B", who is also a person or party aggrieved, "B" cannot avail himself of "A"'s objections on appeal. The adoption of such a construction would require reading into Section 43(a) the further requirement that the petitioner for review must have personally urged any objection before the Commission that he seeks to raise on review, for that section, on its face, does not contain this requirement. Hennesey, on the other hand, argues that the language should be given its plain meaning and that any

person aggrieved may raise any objection so long as it was in fact urged before the Commission by someone. Ordinary principles of statutory construction require us to give the plain meaning to statutory language unless another meaning is more consistent with the purpose of the statute. Testing the opposing constructions contended for in the present case against the purpose of the statutory rule demonstrates that Hennesey's proposed construction is more reasonable than that of Underwriters.

The principal purpose of the doctrine under consideration is to make sure that it is the agency and not the courts which passes first on the contentions of the participants. It was the intention of Congress as evidenced by the statutory plan to give to the agency rather than to the courts the primary responsibility for enforcing and elaborating the regulatory scheme as set up in the law. This purpose is advanced so long as the contentions and exceptions raised on review have been in fact effectively and meaningfully raised before the regulatory agency. This is true regardless of whether the person who appeals the agency decision or some other person aggrieved by the decision happens to have raised the points before the agency. In the present case all of the objections sought to be raised by Hennesey on this review were urged vigorously before the Commission by Williams, by the Division of Corporate Regulation of the Commission itself, or by both, and were fully considered by the Commission.[5] The determination by this court, of the questions raised in the petition, therefore,

---

4. We only interpret this rule insofar as it may relate to this petitioner's standing to raise issues on appeal pursuant to Section 43(a).

5. This conclusion is necessarily based upon our interpretation of the points raised in the petition. If, on the review, it develops that Hennesey is seeking to raise points not urged before the Commission this court will, of course, disregard those points.

The difficulty of determining which of those objections sought to be raised on review were or were not urged before the Commission, would have existed even if Hennesey had fully participated in the proceeding below. In such a case we would still be required to examine the record in order to determine what objections were effectively urged to the Commission by Hennesey and our examination would have had to have been approximately as extensive as it was in fact in the present case.

will not constitute an encroachment upon the Commission's role as the primary interpreter and chief administrator of the Act.

For these same reasons our holding will in no way frustrate the aims of the Commission's Rule X(b) which is obviously based on principles similar to those just discussed. We conclude therefore that Underwriters' argument that the only objections that may be raised on appeal are those which have been urged before the Commission by the particular person who is seeking review has no basis in either the words or the purposes of Section 43(a), the relevant statutory provision.

It is well to further point out that the requirement that Underwriters would have us read into Section 43(a) would be inconsistent with the maintenance of an orderly and rational procedure in the agency proceedings themselves. Were we to hold that each person intending to seek review of an agency's order by which he is aggrieved had to have personally participated to the fullest extent permitted in the administrative proceedings in order to preserve his standing on appeal such a person would be forced to pursue one of two equally futile courses. Either he would have to repeat the testimony, cross-examination, exceptions, briefs and the other activities of the participants with interests, like to his, and in this way preserve his standing on review, or he could, at the conclusion of each step of the litigation formally adopt all that had been done by others that was consistent with his own interests in a kind of "me-too" manner. To require either course would be wasteful and absurd. On the other hand, under the view that we take an interested person, when satisfied that one or more of the participants in the proceedings before the Commission have presented to the Commission the contentions that he wishes made, preserves his right to review in the event that these others who have presented his views do not wish to resort to the courts. In this way both the letter and substance of the law will be satisfied and the administrative proceedings themselves will not be disordered by senseless reiterations.

Underwriters relies heavily on Red River Broadcasting Co. v. F. C. C., 1938, 69 App.D.C. 1, 98 F.2d 282, certiorari denied 305 U.S. 625, 59 S.Ct. 86, 83 L.Ed. 400, and Colorado Radio Corporation v. F. C. C., 1941, 73 App.D.C. 225, 118 F.2d 24 which, it is argued, hold directly contrary to our position. In the Red River Broadcasting case review was attempted by a person aggrieved by an order of the Federal Communications Commission granting, to a competitor, a permit for construction of a broadcasting station. The petitioner, who had not attempted to intervene in the administrative proceedings, contended that the Commission made its decision without considering its possible deleterious effects on him. The court dismissed the petition for review saying at page 287 of 98 F.2d that "[I]t would be fruitless for us to attempt to review a determination of the Commission upon a record made without regard to the interests of appellant." It appears, therefore, that the court was merely asserting a proposition with which we agree, viz., that no objection may be raised on review that was not urged at the administrative level. It may be that the Commission had a duty to consider the petitioner's interests in making its findings regardless of whether anyone brought his interests to its attention, but the fact remains that these interests were not urged before it and that judicial review under those circumstances would have resulted in a usurpation of the Commission's function by the court.

In the Colorado Radio Corporation case a participant in a proceeding before the Federal Communications Commission sought review of the denial by the Commission of his request to reopen the administrative proceeding in order to show a changed condition. The court dismissed the petition for review on the ground that this changed condition could have and should have been urged before the Commission during the proceedings

before it and prior to the filing of the petition to reopen. We need not express a view as to the propriety of a dismissal under such circumstances but do point out that the decision in the cited case is not at odds with our holding in the instant case.

For the reasons stated the motion to dismiss the petition for review will be denied.