Dorothy HENNESEY, Doing Business as Hennesey & Co., Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent,

The Great American Life Underwriters, Inc., Intervenor.

No. 13384.

United States Court of Appeals Third Circuit.

Argued May 25, 1961.

Decided July 21, 1961.

Rehearing Denied Aug. 17, 1961.

deQuincy V. Sutton, Meridan, Miss., Abraham H. Carchman, Newark, N. J., for appellant.

George P. Michaely, Jr., Washington, D. C. (Walter P. North, General Counsel, Ellwood L. Englander, Special Counsel, Securities and Exchange Commission Washington, D. C., on the brief), for respondent.

Abe Fortas, Washington, D. C. (G. Duane Vieth, Stuart J. Land, Arnold, Fortas & Porter, Washington, D. C., Louis F. Gillespie, Gillespie, Burke & Gillespie, Springfield, Ill., on the brief), for intervenor.

Before BIGGS, Chief Judge, and GOODRICH and FORMAN, Circuit Judges.

BIGGS, Chief Judge.

This is a petition brought by Hennesey for review of an order of the Securities and Exchange Commission exempting The Great American Life Underwriters, Inc. (Underwriters) from the provisions of the Investment Company Act of 1940, 15 U.S.C.A. § 80a–1 et seq. from and after January 1, 1941, the effective date of the Act. A brief outline of the facts is as follows.

On December 30, 1940 Underwriters registered with the Commission pursuant to Section 8(a) of the Act, 15 U.S.C.A. § 80a–8(a). As of January 1, 1941, the effective date of the Act, and for some months thereafter, Underwriters was not an "investment company" within the meaning of the Act because it was "primarily engaged" in the life-insurance business through majority owned subsidiaries. See Section 3(c) (7) of the Act, 15 U.S.C.A. § 80a–3(c) (7). In the latter part of 1941 Underwriters' stockholdings in its insurance affiliates fell to less than a majority and from that time until 1953 Underwriters was an "investment company". In 1953 Underwriters' holdings in its then single life insurance subsidiary increased to the point where they represented 90% of its investment securities and it ceased to be an "investment company". See Section 3(c) (8) of the Act, 15 U.S.C.A. § 80a–3(c) (8).

In June 1955 the Commission notified Underwriters that although it was registered under the Act it had failed to file a registration statement as required by Section 8(b), 15 U.S.C.A. § 80a–8(b). Upon receipt of that notification, Underwriters conferred with the Commission's staff and in December 1955 filed with the Commission an application for an order exempting it from all the provisions of the Act from and after January 1, 1941. A public hearing was held before a Hearing Examiner in which the Commission's Division of Corporate Regulation and various stockholders of Underwriters participated. The Hearing Examiner recommended that the Commission grant Underwriters an exemption retroactive to January 1, 1941 subject to certain conditions. Two of the recommended conditions were that Underwriters' president return two large blocks of stock which had been transferred to him by Underwriters and its subsidiary. After oral argument the Commission, acting pursuant to Section 6(c) of the Act, 15 U.S.C. A. § 80a–6(c),[1] issued an order retroactively exempting Underwriters from the provisions of the Act subject to certain conditions but free of the two conditions with respect to the stock obtained by Underwriters' president. The Commission summarized its conclusions as follows: "On the basis of the entire record, we find that at all times during the period since 1941 applicant was primarily engaged in the insurance business through controlled companies. Under all the circumstances and in particular in the light of such primary business engagement and the limited nature of its face-amount certificate activities, we conclude that applicant since January 1, 1941 has been 'essentially a company of a type intended to be excluded from the scope of the Act,' that it would have been eligible for an exemption under Section 6(c) upon application therefor at any time during that period, and that such an exemption, subject to appropriate conditions, would have been appropriate in the public interest and consistent with the protection of investors and the purposes fairly intend-

---

**I.** Section 6(c) provides:

"The Commission, by rules and regulations upon its own motion, or by order upon application, may conditionally or unconditionally exempt any person, security, or transaction, or any class or classes of persons, securities, or transactions, from any provision or provisions of this title or of any rule or regulation thereunder, if and to the extent that such exemption is necessary or appropriate in the public interest and consistent with the protection of investors and the purposes fairly intended by the policy and provisions of this title."

ed by the policy and provisions of the Act. In view of our finding that applicant has been primarily engaged in the insurance business through its subsidiaries, it further appears that applicant would have been entitled to a finding that it was not an investment company under Section 3(c) (7) of the Act for the period beginning with January 1, 1941 and ending some time later that year, during which Great American and Franklin were its majority-owned subsidiaries. Moreover, as we have previously noted, applicant at any time since 1953 would have been entitled to an order under Section 8(f) of the Act, subject to appropriate conditions, declaring that applicant had ceased to be an investment company pursuant to Section 3(c) (8), by virtue of the fact that since 1953 more than 90% of the value of its investment securities have been represented by its holdings of shares of Franklin stock." Hennesey petitioned this court for review of the Commission's order pursuant to Section 43(a) of the Act, 15 U.S.C.A. § 80a–42(a) and on October 18, 1960 we gave Underwriters leave to intervene. Subsequently, Underwriters moved to dismiss the petition, but we denied its motion on January 10, 1961. See Hennesey v. Securities and Exchange Comm., 3 Cir., 285 F.2d 511.

█ Hennesey has made three contentions: First, it is argued that the Commission's findings of fact are not supported by substantial evidence. We have examined the record, however, and are satisfied that the Commission's findings of fact and inferences from basic facts are supported by substantial evidence. Second, it is contended that the Commission is without authority in the Act to grant a retroactive exemption, an exemption covering a period prior to the date that application for exemption was filed with the Commission. We have concluded that this extraordinary relief was justified by the extraordinary circumstances which the Commission found to exist in this case and that there is no sound basis in law for denying to an administrative agency such as the Commis-

sion the flexibility in operation that retroactive procedure will permit. Third, it is argued that the Section 6(c) exemption should not have been granted by the Commission without its taking into account, as factors in coming to its decision, the transactions in which Underwriters engaged in the period prior to its application for exemption. On this point the Commission reasoned that "scrutiny of all of applicant's transactions since 1941, as urged by the Division, would not be appropriate under the exceptional circumstances of this case and would be inconsistent with our findings that applicant should not have been subject to the Act during this period and that it acted in good faith in proceeding on the assumption that it was not subject to the Act. So too, while we entertain no doubt as to our power to impose appropriate conditions in connection with an order of exemption under Section 6(c) of the Act, the imposition of conditions in this case relating to specific transactions would be inconsistent with the basic finding that applicant was not the type of company intended to be regulated under the Act." We agree with the Commission that in an appropriate case it has the power to examine prior transactions and to impose conditions with respect to them. We also agree, however, that scrutiny of all of Underwriters' transactions was not necessary "under the exceptional circumstances of this case." Hennesey has argued in this court that many of the transactions engaged in by Underwriters during the period covered by the exemption were improper and injurious to her as a stockholder. In this connection, we point out that the Commission did not purport to approve or disapprove any specific transaction in which Underwriters was involved. If Hennesey was injured by unlawful conduct on the part of Underwriters, its officers or directors, she is not foreclosed from pursuing whatever remedies are available under general law.

The order of the Commission will be affirmed.