**INDEPENDENT INVESTOR PROTEC-
TIVE LEAGUE, Petitioner,**

v.

**SECURITIES AND EXCHANGE COM-
MISSION and Pan Australian Fund,
Ltd., Respondents.**

**INDEPENDENT INVESTOR PROTEC-
TIVE LEAGUE, Petitioner,**

v.

**SECURITIES AND EXCHANGE COM-
MISSION, Respondent (two cases).**

**Motion Nos. 5-10, Dockets 73-2607,
73-2662, 73-2549.**

United States Court of Appeals,
Second Circuit.

Argued March 19, 1974.

Decided April 8, 1974.

I. Walton Bader, New York City (Bader & Bader, New York City, on the brief), for petitioner.

Thomas L. Taylor, III, and James H. Schropp, Attys., S. E. C., Washington, D. C. (David Ferber, Sol., Paul Gonson and Theodore Sonde, Asst. Gen. Counsel, Washington, D. C., on the brief), for respondent S. E. C.

Cleary, Gottlieb, Steen & Hamilton, New York City, for respondent Pan Australian Fund, Ltd.

Before LUMBARD, FEINBERG and MULLIGAN, Circuit Judges.

FEINBERG, Circuit Judge:

The Securities and Exchange Commission (SEC) has moved to dismiss the petitions for review in these three related cases on the ground that petitioner Independent Investor Protective League (IIPL) is not "aggrieved" within the meaning of the relevant review provision. 15 U.S.C. § 80a–42.

■ The substantive issue in these proceedings is the propriety of the SEC's grant of exemptions to various applicant companies under the Investment Company Act of 1940. To support its standing to raise this issue IIPL cites a number of decisions, but all are distinguishable. E. g., Trafficante v. Metropolitan Life Ins. Co., 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972) (broad definition of standing in Civil Rights Act of 1968); Aguayo v. Richardson, 473 F.2d 1090 (2d Cir. 1973), cert. denied, Aguayo v. Weinberger, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (U.S. Jan. 15, 1974) (at least one individual plaintiff required to participate in welfare program under attack, and plaintiff organizations had members on welfare threatened with such participation). However, a recent Fifth Circuit opinion—Herpich v. Wallace, 430 F.2d 792 (1970)—is squarely on point. This case held that plaintiffs did not have standing under the Investment Company Act when they failed to allege that either they or their corporation held any ownership interest in the investment company, but only claimed that the company was unregistered and dominated their corporation to its detriment. The court stated:

> [W]e think it is clear in light of the circumstances under which the Act was passed that Congress intended to provide a comprehensive regulatory scheme to correct and prevent certain abusive practices in the management of investment companies *for the pro-*

*tection of persons who put up money to be invested by such companies in their behalf.*

430 F.2d at 816 (emphasis added). This interpretation is supported by the purpose of the Act to remedy certain abuses, such as mismanagement of portfolios and changes in the company's character without stockholder consent, that could harm persons with ownership interests in the company. Herpich v. Wallace, *supra,* 430 F.2d at 815–816. See Loss, 1 Securities Regulation 149–52 (2d ed. 1961).

■ IIPL conceded at oral argument that none of its members owns any interest in the companies involved. Cf. Hennesey v. SEC, 285 F.2d 511, 514 (3d Cir. 1961). But we need not go so far as to hold that *only* investors have standing under the Act since petitioner did not even allege that its members have suffered, or will suffer, actual injury or discrimination. In the absence of any claim of direct injury, we believe that petitioner does not have standing. It is not enough to claim, as petitioner does, that "it is quite conceivable that, in the future," IIPL members will be investors.[1] "A plaintiff must allege that he has been or will in fact be perceptibly harmed by the challenged agency action, not that he can imagine circumstances in which he could be affected. . . ." United States v. SCRAP, 412 U.S. 669, 688–689, 93 S.Ct. 2405, 2417, 37 L.Ed.2d 254 (1973). See also Sierra Club v. Morton, 405 U.S. 727, 734–735, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Accordingly, we dismiss the petitions for review.

In so holding, we note the contention that in the Pan Australian case, Dkt. No. 73–2607, our decision arguably leaves no one with standing to attack the granting of the exemption since sale of securities in this country is forbidden until that time. 15 U.S.C. § 80a–7(d) (foreign investment company). Even if true, however, this fact is not especially troubling since—as we have already

---

1. Petitioner's Memorandum in Opposition to Motion to Dismiss at 7.

pointed out—the Act was primarily designed to protect existing investors in an investment company's securities. Moreover, it appears that later holders of ownership interests in the United States can challenge subsequent violations of the Act and obtain redress in the courts. 15 U.S.C. § 80a–42.

Petitioner claims that the SEC cannot raise the issue of lack of standing now since it considered IIPL's objections in making the challenged orders. This argument is incorrect in assuming that participation in the administrative proceeding before the SEC as an "interested person," 15 U.S.C. §§ 80a–39(a), 80a–39(c), automatically makes one an "aggrieved person" for the purpose of judicial review. In any event, since the question of standing goes to our jurisdiction, see Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 151, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970), all defenses in the nature of waiver or estoppel are precluded. Fed.R.Civ.P. 12(h)(3).

Finally, in view of our disposition of the motions, we dismiss the cross-motions of IIPL as moot.