**OPTION ADVISORY SERVICE, INC., for itself and all other investment advisers similarly situated, Petitioner.**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**OPTION ADVISORY SERVICE, INC., for itself and all other investment advisers similarly situated, Petitioner.**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**Nos. 341, 417, Dockets 81–4130, 81–4148.**

United States Court of Appeals, Second Circuit.

Argued Nov. 30, 1981.

Decided Dec. 17, 1981.

Antonio C. Martinez, New York City, for petitioner.

Elisse B. Walter, Asst. Gen. Counsel, S.E.C., Washington, D. C. (Edward F. Greene, Gen. Counsel, Jacob H. Stillman, Associate Gen. Counsel, Frederick B. Wade, Senior Sp. Counsel, Anne H. Sullivan, Atty., Paul Gonson, Sol., Washington, D. C., of counsel), for respondent.

Before FEINBERG, Chief Judge, OAKES, Circuit Judge, and CONNER,* District Judge.

PER CURIAM:

In these two related petitions for review, Option Advisory Service, Inc. ("OAS") seeks review of orders of the Securities and Exchange Commission ("SEC") granting exemptions to applicant companies under the Investment Company Act of 1940 ("the Act"), 15 U.S.C. § 80a–1 *et seq.* The SEC has moved to dismiss the petition in No. 81–4130 on the ground that OAS lacks standing to seek review of the orders in question. Because the question of standing goes to our jurisdiction, however, both petitions for review are dismissed.

▮ The purpose of the Act is to remedy certain abusive practices in the management of investment companies, for the protection of persons whose money is invested by such companies. See *Herpich v. Wallace*, 430 F.2d 792, 815–16 (5th Cir. 1970). Section 42(a) of the Act, 15 U.S.C. § 80a– 42(a), provides that a "person or party aggrieved" by an order issued by the SEC under the Act may obtain judicial review thereof. In *Independent Investor Protec-tive League v. SEC*, 495 F.2d 311 (2d Cir. 1974), this Court ruled that a petitioner did not have standing to bring such a petition for review when it failed to allege either an ownership interest in a company applying for exemption from the Act or any other basis for finding that the petitioner was directly injured by the granting of such exemption:

> "[Petitioner] conceded at oral argument that none of its members owns any interest in the companies involved. Cf. *Hennesey v. SEC*, 285 F.2d 511, 514 (3d Cir. 1961). But we need not go so far as to hold that *only* investors have standing under the Act since petitioner did not even allege that its members have suffered, or will suffer, actual injury or discrimination. In the absence of any claim of direct injury, we believe that petitioner does not have standing. It is not enough to claim, as petitioner does, that 'it is quite conceivable that, in the future,' IIPL members will be investors. 'A plaintiff must allege that he has been or will in fact be perceptibly harmed by the challenged agency action, not that he can imagine circumstances in which he could be affected....' *United States v. SCRAP*, 412 U.S. 669, 688–689, 93 S.Ct. 2405, 2417, 37 L.Ed.2d 254 (1973)." *Id.* at 312 (footnote omitted).

The decision in *Independent Investor* is controlling here. OAS claims no ownership interest in any of the applicants, nor does it allege facts "which if true, would establish that the plaintiff had been injured in fact by the action he sought to have reviewed." *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38–39, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976) (standing under Administrative Procedure Act). OAS does contend that the exemptions granted in these cases would place it and 5,500 other investment advisors at a competitive disadvantage. This claim, however, is unsupported by any plausible showing of a causal nexus between the exemptions and

---

* Honorable William C. Conner of the United States District Court for the Southern District of New York, sitting by designation.

the alleged injury. See *Duke Power Company v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 74, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595 (1978).

The SEC order challenged in No. 81–4130 exempted eight companies which are wholly owned by Merrill Lynch & Co., Inc. ("Merrill Lynch") or by one of its wholly-owned subsidiaries from compliance with Section 17(a) of the Act, 15 U.S.C. § 80a–17(a), thereby permitting the investment company subsidiaries to purchase securities from the parent company, Merrill Lynch, if the terms of the proposed transaction are reasonable, fair and do not involve overreaching. The exemption also requires the investment advisor subsidiaries to check the price charged against those available from at least three unaffiliated dealers to insure the best available terms. OAS contends that it would be injured competitively by such transactions, since Merrill Lynch deals in unregistered commercial paper on which substantially higher yields are available than on the better grade securities which OAS counsels its clients to acquire. But OAS's insistence that it would not advise its clients to invest in commercial paper is not the equivalent of saying that it could not do so. Any competitive injury is of OAS's own making and not the result of the SEC's exemption order.

The SEC order attacked in No. 81–4148 exempted two persons from the requirement of Section 15(f)(1)(A) of the Act, 15 U.S.C. § 80a–15(f)(1)(A), that for three years following the assignment of an investment advisory contract, at least 75% of the directors of each affected investment company not be "interested persons" of either the new or the former investment advisor. OAS has not even attempted to show how such an exemption could possibly cause it injury. It has not suggested, for example, that the assignment will reduce the possibility that clients of the assignor or assignee advisor might consult it instead, nor any other conceivable injury to its investment advisory business.

OAS attempts to distinguish *Independent Investor* from the present case on the grounds that (1) the decision was rendered before passage of the Equal Access to Justice Act, 5 U.S.C. § 504; and (2) standing in this case is based on the Misprision of Felonies Act, 18 U.S.C. § 4. We have considered those statutes and conclude that neither is even colorably relevant to the claim of standing in this case. Petitioner further contends that the SEC has conceded that OAS has standing under Section 40(c) of the Act, which allows "interested persons" to participate in administrative proceedings before the SEC. However, "[t]his argument is incorrect in assuming that participation in the administrative proceeding before the SEC as an 'interested person,' 15 U.S.C. §§ 80a–39(a), 80a–39(c), automatically makes one an 'aggrieved person' for purposes of judicial review." *Independent Investor*, 495 F.2d at 313.

The petitions for review are dismissed.